**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| EUSEBIO GARCIA-CABRERA, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0303-AT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-4551-AT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate, as supplemented [55, 56, 57], Movant's response to the Court's Order to show cause [59], Respondent's response and motion to dismiss [61], and Movant's response to the motion to dismiss [65]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

**I.     Discussion**

Movant pleaded guilty to conspiracy to possess with intent to distribute controlled substances and to money laundering, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii) and (viii) and 18 U.S.C. § 1956(h), with maximum

imprisonment terms of life and twenty years. (Guilty Plea and Plea Agreement, ECF No. 27-1; J., ECF No. 46). By judgment entered on September 28, 2015, the Court imposed on Movant a total 126-month term of imprisonment. (J. at 2). The record does not show that Movant sought direct review.

On November 30, 2016, Movant filed his current § 2255 motion.[1] (Mot. to Vacate, ECF No. 56). Movant asserts four grounds for relief: (1) there was sufficient evidence of Movant's minor role to decrease his sentencing offense level under U.S.S.G. § 3B1.2, which counsel failed to address; (2) Movant's sentencing offense level was erroneously increased under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon; (3) counsel was ineffective for failing to pursue application of safety-valve relief under U.S.S.G. § 5C1.2 (limiting application of statutory minimum sentence in certain cases) and/or U.S.S.G. § 2D1.1(b)(17) (allowing a two-level decrease in offense level if a defendant meets safety-valve criteria); and (4) the Court should have considered his eligibility for a minor role or safety-valve reduction. (Mov't Mem. at 3-12, ECF No. 56-1). On timeliness, Movant states that he "was

---

[1] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988), and Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

sentenced on September 25, 2015, and did not appeal a final judgment of conviction, therefore this motion is timely." (Mot. to Vacate at 13).

The Court ordered Respondent to show cause why the motion should not be granted and stated in its Order that the Motion to Vacate appeared to be untimely. (Order of Jan. 11, 2017, ECF No. 58). Movant responded and argued that his motion is timely for two reasons. First, his motion is timely because "trial counsel abandoned [Movant] in the appellate phase of his proceedings . . . [and] did not file a Notice of Appeal[.]" (Mov't Resp. to Order at 1, ECF No. 59). Second, equitable tolling should apply (1) because Movant's primary language is Spanish, the law library lacks Spanish legal material, and Movant misinterpreted the time to file his motion and (2) because Movant exercised due diligence by researching in an "ill equiped [sic] law library." (Id.).

Respondent moves that this action be dismissed as time barred. (Mot. to Dismiss, ECF No. 61). Respondent argues that Movant's arguments to excuse his untimely filing fail (1) because lack of access to legal material in one's primary language is not an extraordinary circumstance and (2) because Movant's statement that counsel did not file an appeal – coupled with Movant's silence on how or if the lack

of an appeal delayed his § 2255 motion – provides no reason to find that the instant action is timely. (Id. at 6-7).

In response to the motion to dismiss, Movant asserts that he is entitled to equitable tolling (1) because inability to understand English and lack of legal resources/assistance at his prison are an extraordinary circumstance and (2) because, after he arrived at his prison on December 2, 2015, he diligently sought help from fellow inmates but was unsuccessful "at that time" because they were in "similar literacy circumstances[.]" (Mov't Resp. to Mot. to Dismiss at 1-5 and Aff., ECF No. 65). In his response to the motion to dismiss, Movant does not mention counsel's failure to file an appeal, respond to Respondent's argument on the issue, or provide any argument on how or if the lack of an appeal delayed his § 2255 motion. (Id.).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Thomas v. Attorney Gen., Fla., 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).

Under equitable tolling, misunderstanding the law is not an extraordinary circumstance. The Eleventh Circuit does not "accept[] a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (citing Rivers v.

5

United States, 416 F.3d 1319, 1323 (11th Cir. 2005)); and see Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]" (citing Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000))). Significantly, "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007); see also Perez, 519 F. App'x at 997 (finding that Outler applies to petitioner who seeks equitable tolling based on lack of English-language proficiency); DeLeon v. Fla. Dep't of Corr., 470 F. App'x 732, 734 (11th Cir. 2012) (same).

Difficulty with the English language also is not an extraordinary circumstance that warrants equitable tolling. United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); see also United States v. Nunez-Villanueva, No. 1:06-CR-529-1-TWT, 2013 WL 3283733, at *2 (N.D. Ga. June 28, 2013) ("[T]he Eleventh Circuit has explicitly declined to treat 'difficulties with the English Language' as an 'extraordinary circumstance.'" (quoting Montano, 398 F.3d at 1280 n. 5)).

Lack of Spanish language material in the law library does not warrant equitable tolling. Notably, "the absence of a copy of the statute containing the relevant deadline [in any language] in a prison law library [does] not constitute the kind of extraordinary circumstance that would warrant equitable tolling." Brandau v. Warden, 476 F. App'x

6

367, 370 (11th Cir. 2012) (citing Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1312-14 (11th Cir. 2001).  As stated earlier, "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations."  Outler, 485 F.3d at 1282 n.4; see also Spears v. Warden, 605 F. App'x 900, 904 (11th Cir.) (applying Outler in rejecting equitable tolling), cert. denied, _ U.S. _, 136 S. Ct. 300 (2015).  Additionally, alleged prison-library deficiencies, even if considered an extra-ordinary circumstance, do not justify equitable tolling absent a showing of due diligence – a statement on the prisoner's independent efforts to determine when the limitations period began to run and a statement with specificity as to when the prisoner discovered the library's deficiency and what, if anything, the prisoner did to remedy the deficiency.  Helton, 259 F.3d at 1314; see also Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 624 (11th Cir. 2015) (holding that equitable tolling based on prison's failure to provide Spanish legal material was unwarranted when the petitioner had failed to provide details about when he discovered the alleged deficiency or the steps that he took to file a timely petition and learn about the statute of limitations).

Lack of bilingual assistance also does not warrant equitable tolling.  Lack of access "to an inmate law clerk who [is] bilingual" is not an extraordinary circumstance. Cerrito v. Sec'y, Dep't of Corr., _ F. App'x _, _, 2017 WL 2196233, at *2 (11th Cir.

7

May 17, 2017) (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (no federal constitutional right to counsel in collateral attack on a conviction)); <u>cf.</u>  <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting the state petition does not relieve Mr. Marsh from the personal responsibility of complying with the law.").

 In combination, the inability to understand English, limited education, and lack of bilingual assistance, generally are not exceptional circumstances under which an untimely filing is unavoidable even with diligence. <u>Cerrito</u>, 2017 WL 2196233, at *2 ("Cerrito did not allege when he discovered that the prison library did not have documents in Spanish, what measures he took to procure the materials and assistance that he needed, or how the prison slowed his progress."); <u>Aureoles</u>, 609 F. App'x at 624 (stating that "allegations of an inability to understand English and a lack of formal education [do] not establish extraordinary circumstances that warrant[] equitable tolling" and that the failure to provide Spanish legal material does not warrant equitable tolling absent a detailed showing of diligence to establish that untimely filing was unavoidable).

Here, because Movant did not file a direct appeal, his conviction became final on October 12, 2015, fourteen days after the September 28, 2015, entry of judgment.[2] See Fed. R. App. P. 4(b)(1)(A).  Under § 2255(f)(1), Movant's § 2255 motion was due by October 12, 2016, and, absent equitable tolling, his November 30, 2016, motion is untimely by more than a month.[3]

Movant's assertion that he misunderstood the law does not warrant equitable tolling in that Movant is deemed to know the limitations period.  See Outler, 485 F.3d at 1282 n.4.  Movant's assertion that Spanish is his primary language also does not warrant equitable tolling in that "the Eleventh Circuit has explicitly declined to treat 'difficulties with the English Language' as an 'extraordinary circumstance.'"  Nunez-Villanueva, 2013 WL 3283733, at *2.

---

[2]Respondent incorrectly calculates the fourteen-day appeal period beginning on the date of sentencing.  (Resp't Resp. at 3).  A defendant is allowed fourteen days from the "*entry* of either the judgment or the order being appealed[.]"  Fed. R. Crim. P. 4(b)(1)(A)(i) (emphasis added).

[3]There is no indication that § 2255(f)(2)-(4) apply.  Additionally, Movant, who was sentenced below his statutory maximum, is not helped by the actual innocence exception.  See Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."), cert. denied, _ U.S. _, 135 S. Ct. 2836 (2015).

9

Further, Movant does not show that lack of Spanish legal material and difficulty finding bilingual assistance made untimely filing unavoidable even with diligence. Movant's non-specific assertion of general diligence fails to show that a law-library deficiency warrants equitable tolling. See Helton, 259 F.3d at 1314. Movant's assertion of diligence in attempting to find a bilingual fellow inmate lacks specificity and is insufficient to establish that his untimely filing was unavoidable even with diligence when Movant is not entitled to counsel in a collateral attack on his conviction. See Cerrito, 2017 WL 2196233, at *2. Additionally, without any showing that Movant took action such as seeking assistance from a family member, his former counsel, a prison guard, or the Clerk of Court, Movant fails to demonstrate that because of the lack of a bilingual fellow inmate an untimely filing was unavoidable. See United States v. Fuentes, No. 5:04-CR-30017-1, 2016 WL 1273455, at *2 (W.D. Va. Mar. 28, 2016) (discussing reasonable diligence as generally requiring efforts such as seeking help from a person outside the prison, former counsel, fellow inmates, prison guards, and/or the Clerk of the Court). Movant's language-related claims do not warrant equitable tolling.

As a final matter, Movant's claim that his motion should be deemed timely because counsel failed to file a direct appeal fails. As pointed out by Respondent,

10

Movant did not explain how or if the lack of an appeal delayed his § 2255 motion, and Movant has provided no argument on the issue in his response to Respondent's motion to dismiss. There is no indication that Movant was ever under a misapprehension that counsel filed a direct appeal, and the undersigned discerns no justification for equitable tolling based on this issue, which Movant has not pursued in his response to the motion to dismiss.

Movant has received three opportunities to explain whether his motion was timely under the applicable one-year limitations period – in his § 2255 motion, in his response to the Court's show cause Order, and in his response to Respondent's motion to dismiss. Therein, Movant fails to show that he is entitled to equitable tolling. Movant's § 2255 motion is untimely, and Respondent's motion to dismiss should be granted.

## II.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section

11

2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because untimeliness is not debatable.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## III.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [61] be **GRANTED**, that Movant's § 2255 motion, as supplemented [55-57], be **DISMISSED** as untimely, and that a COA be **DENIED**.

12

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 3rd day of August, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

13